IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFF ROTH,<br><br>                Plaintiff,<br><br>                v.<br><br>FARMINGDALE UNION FREE SCHOOL DISTRICT,<br><br>                Defendants. | 2:18-cv-04319 (AMD)(ARL)<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff alleges as follows:

      1.      Plaintiff JEFF ROTH is a resident of the Village of Farmingdale, Nassau County, New York 11735 and frequent attendee of Farmingdale School Board Meetings.

      2.      Defendant FARMINGDALE UNION FREE SCHOOL DISTRICT is a school District in Nassau County, State of New York.

      3.      This Court has Jurisdiction over this action pursuant to Title 28 U.S.C. §1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. § 82201 and § 2202. This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the status, ordinances, regulations, customs and usages of the State of New York.

      4.      Venue is proper in the district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in the action occurred in this district.

      5.      On May 9, 2018, Defendant drafted a letter to Plaintiff stating in pertinent part that due to Plaintiff's participation in School Board Meetings that from "May 9, 2018, up to and including June 30 2020, you are hereby prohibited from entering upon any of the District's

buildings, or grounds of such buildings, including but not limited to, attending school Board and committee meetings, and from having any personal or other contact or communications with members of the Board of Education, District Administrators or employees, except that you may make written requests for District records pursuant to the Freedom of information Law; and may vote in School District and other elections at polling places located on District property subject to the rules contained in the District's Code of Conduct".

      6.      On May 9, 2018, said letter was hand delivered to Plaintiff by an officer of the Nassau County Police Department.

      7.      The School Board's actions were based soley on the viewpoints that Plaintiff expressed during School Board Meetings.

**FIRST CAUSE OF ACTION (42 U.S.C. § 1983 Due Process)**

      8.      Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs of their complaint as if fully set forth herein.

      9.      The First Amendment to the United States Constitution prohibits abridgment of the freedom of speech.

      10.      The First Amendment is incorporated against the states by the Fourteenth Amendment

      11.      The First Amendment protects the right of individuals to engage in expressive conduct at School Board Meetings.

      12.      Under 42 U.S.C. § 1983, every person acting under color of state law who deprives another person of his or her constitutional rights is liable at law and equity.

13. Defendants acted under color of state law when it banned Plaintiff from entering upon any of the District's buildings, or grounds of such buildings as memorialized in the letter drafted and served on May 9, 2018.

14. In so acting, defendants violated clearly established First Amendment right for citizens to freely express their political views at School Board Meetings.

15. Defendants have an unconstitutional practice, custom, or policy of surpressing political activists.

16. The practice, custom or policy of Defendants directly resulted in the violation of Plaintiffs' First Amendment rights and continues to chill his exercise of those rights.

17. As a result of those violation of their First Amendment Rights by Defendants, Plaintiff suffered and continue to suffer actual harm including interference with his First Amendment rights, the chilling of his freedom of speech, the deprivation of his liberty, fear, humiliation and embarrassment.

**SECOND CAUSE OF ACTION (42 U.S.C. § 1983 EQUAL PROTECTION)**

18. Plaintiff incorporates by reference paragraphs 1-17 as if fully set forth herein.

19. The Ban, on its face and as applied, violates the Equal Protection Clause of the Fourteenth Amendment. Specifically, but not exclusively, the ban creates a class of political activist whose viewpoints are suppressed and those who do not express an opinion at meetings.

20. These classifications have a direct bearing on the fundamental interest in free speech. Defendant has created a non-viewpoint neutral and reasonable set of classes and cannot show that these classifications are reasonable to serve any legitimate governmental interest.

WHEREFORE, plaintiff requests that this Court:

(a) Enter judgment against the Defendant;

(b) Ender a declaratory judgment declaring the acts of the defendants to be a violation of plaintiff's constitutional rights to freedom of speech, equal protection, and due process;

(c) Issue a declaratory judgment declaring that the Defendant's ban in the letter dated May 9, 2018 is unconstitutional on its face;

(d) Issue a declaratory judgment declaring that the ban is unconstitutional as enforced and applied

(e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendant, its agents, servants, employees, officers from enforcing the Ban.

(f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. § 1988 and other relevant statutes; and, (g) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: Farmingdale, New York
August 19, 2019

_____
JONATHAN C. CLARKE
Attorney for Plaintiff
140 Gazza Blvd.,
Farmingdale, NY 11375
(516) 325-3889