UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEFF ROTH,

                Plaintiff,                        **MEMORANDUM AND ORDER**

          v.                              18-CV-4319 (RPK) (ARL)

FARMINGDALE UNION FREE SCHOOL
DISTRICT,

                Defendant.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

Plaintiff Jeff Roth sues defendant Farmingdale Union Free School District ("the District"),

challenging a two-year suspension from District property.  For the reasons that follow, the case is

dismissed as moot.

**BACKGROUND**

On May 9, 2018, the District suspended plaintiff's access to its property for two years.

Decl. of Vernée C. Pelage, Ex. WWWWWW (Dkt. #55-152) ("May 9, 2018 Letter").  Two-and-

a-half months later, plaintiff filed this suit in response.  *See* Compl. (Dkt. #1).  This is plaintiff's

second lawsuit against the District and his fourth suspension.  *See* Decl. of Vernée C. Pelage, Ex.

KKKKK (Dkt. #55-115) (first suspension); *id*., Ex. OOOOO (Dkt. #55-119) (second suspension);

*id*., Ex. TTTTT (Dkt. #55-124) (third suspension); *Roth v. Farmingdale Pub. Sch. Dist*., No. 14-

CV-6668 (JFB) (ARL), 2017 WL 395211, at \*14-19 (E.D.N.Y. Jan. 30, 2017) ("*Roth I*").  The

prior litigation, which involved a challenge to earlier suspensions, resulted in a ruling on the merits

in the District's favor.  *See Roth I*, 2017 WL 395211, at \*14, \*20.

After filing this suit, plaintiff amended his complaint, *see* Am. Compl. (Dkt. #14), and then

retained counsel, *see* Notice of Appearance (Dkt. #27).  On July 19, 2019, then-presiding Judge

Donnelly dismissed plaintiff's amended complaint.  *See* Mem. Decision & Order 10 (Dkt. #35).

However, since plaintiff had filed his first two complaints while *pro se*, she granted him leave to

file a third.  *Ibid*.  Now counseled, plaintiff filed the operative Second Amended Complaint.  *See*

Am. Compl. *Corrected* (Dkt. #38) ("Second Am. Compl.).  Mr. Roth now asserts a single First

Amendment retaliation claim against the District, alleging that he was suspended in May 2018

"solely [for] the viewpoints that [he] expressed" at District board meetings.  *Id.* ¶¶ 13, 25.

The Second Amended Complaint seeks a declaratory judgment against the suspension and

an injunction barring its enforcement.  *See id*. ¶ 25.  In addition, it also requests entry of judgment,

costs and attorney's fees, and "such other and further relief as the Court deems just and proper."

*Ibid*.

After discovery, the District moved for summary judgment.  *See* Mot. for Summ. J. (Dkt.

#55).   The Court subsequently noted that the suspension had expired and directed the parties to

brief whether the case was therefore moot.  *See* Apr. 27, 2022 Order.

## DISCUSSION

A federal court has an "independent obligation" to consider *sua sponte* whether an action

is moot.  *Coll. Standard Mag. v. Student Ass'n of State of Univ. of N.Y. at Albany*, 610 F.3d 33, 35

(2d Cir. 2010) (quotations omitted).  Since the suspension's expiration has rendered this case moot,

the case is dismissed.

Article III of the United States Constitution limits federal subject-matter jurisdiction to

"live cases and controversies."  *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004).  "At all stages

of litigation, a plaintiff must maintain a personal interest in the dispute."  *Uzuegbunam v.*

*Preczewski*, 141 S. Ct. 792, 796 (2021).  "The doctrine of standing generally assesses whether that

interest exists at the outset, while the doctrine of mootness considers whether it exists throughout

the proceedings." *Ibid*. And "if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot." *Ibid*. Since a moot dispute does not present a "live case[] or controvers[y]," *ABC, Inc.*, 360 F.3d at 97, it must be dismissed, *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005).

This is such a case. Other than costs and attorney's fees, the Second Amended Complaint requests only a declaratory judgment and an injunction against plaintiff's suspension. Second Am. Compl. ¶ 25. But since the suspension has ended, neither remedy offers plaintiff "any effectual relief." *Uzuegbunam*, 141 S. Ct. at 796. An injunction would not provide effectual relief because there is no longer a suspension in place to enjoin. *See Jones v. Bay Shore Union Free Sch. Dist.*, 170 F. Supp. 3d 420, 435 (E.D.N.Y.) (finding a request to enjoin a suspension moot since the suspension was "no longer in place"), *aff'd*, 666 F. App'x 92 (2d Cir. 2016). And "[a] litigant may not use the declaratory judgment statute to secure judicial relief of moot questions." *Christopher P. by Norma P. v. Marcus*, 915 F.2d 794, 802 (2d Cir. 1990); *cf. Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (explaining that for a declaratory judgment to constitute "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion," it must "settl[e] . . . some dispute [in a manner] *which affects the behavior of the defendant towards the plaintiff*" (emphasis in original)).

Plaintiff alleges that his lawsuit challenging the District's suspension is not moot despite the ending of the suspension because the District has imposed additional restrictions on his access to its property. *See* Pl.'s Letter Brief 1 (Dkt. #65) (alleging that the District has "harassed" plaintiff and obtained an order of protection against him). These allegations are not properly before the Court. *See Superior Site Work, Inc. v. NASDI, LLC*, No. 14-CV-1061 (ADS) (SIL), 2018 WL 3716891, at *22 (E.D.N.Y. Aug. 3, 2018) ("It is well settled that a party may not amend its pleadings in its briefing papers.") (collecting cases). And in any event, they would not revive the

claims in this case, because plaintiff's lawsuit challenges the now-expired suspension—not other

District actions.  *See* Second Am. Compl.

Plaintiff also suggests that the Second Amended Complaint's request for entry of judgment,

coupled with its references to "actual harm," can be read broadly enough to include a claim for

damages.  Pl.'s Letter Brief 1.  This argument does not persuade.  The Second Amended Complaint

is "bereft," *Lillbask ex rel. Mauclaire*, 397 F.3d at 90, of any request for or reference to

"damages"—an omission that stands in stark contrast to the detail of plaintiff's requests for

declaratory judgment and injunctive orders, *see* Second Am. Compl. ¶ 25.   And the term

"judgment" means simply a "decree and any order from which an appeal lies."  Fed. R. Civ. P.

54(a); 10 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2651 (4th ed.).

Read in context, the request for entry of judgment only refers to plaintiff's requested declaratory

judgment and injunctive order.  *See* Second Am. Compl. ¶ 25.  Accordingly, I "declin[e] to read a

damages claim into the [Second Amended] Complaint's boilerplate," *Lillbask ex rel. Mauclaire*,

397 F.3d at 90 (quotations omitted); *see Fedele v. Harris*, 69 F. Supp. 3d 313, 319 (N.D.N.Y.

2014); *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141 (2d Cir. 1994); *see also*

*Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (belated attempts to read a damages

claim into a complaint should be treated with skepticism).[*]

Nor is amendment appropriate.  *See* Pl.'s Letter Brief 1 (seeking leave to add damages

claim).  "A request for damages . . . will not avoid mootness if it [is] 'inserted after the complaint

was filed in an attempt to breathe life into a moribund dispute.'"  *Boucher v. Syracuse Univ.*, 164

F.3d 113, 118 (2d Cir. 1999) (quoting *McCabe v. Nassau Cnty. Med. Ctr.*, 453 F.2d 698, 702 (2d

Cir. 1971)) (affirming denial of leave to amend to add damages claim).  This is plaintiff's third

---

[*] Similarly, while a claim for nominal damages bars mootness, *see* Pl.'s Letter Brief 2 (citing *Uzuegbunam*, 141 S. Ct. at 796), the Second Amended Complaint does not request nominal damages, Second Am. Compl. ¶ 25.

complaint.  *See* Compl.; Am. Compl.  He prepared it with counsel, *see* Notice of Appearance, and he had ample time to amend it before the suspension expired.  The case has already progressed to summary judgment, *see* Mot. for Summ. J., and amendment now would further delay this dispute's resolution.  The decision to permit amendment is confided to my discretion, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and under these circumstances, I decline to exercise it, *see Boucher*, 164 F.3d at 118; *Lillbask ex rel. Mauclaire*, 397 F.3d at 91 (rejecting attempt to revive moot claim inserting a compensatory prayer for relief).

Finally, plaintiff argues that this case is subject to an exception to the mootness doctrine, because the District's suspensions are "capable of repetition but short enough to evade review." *See* Pl.'s Letter Brief 2.  This argument also does not persuade.  The exception to mootness for cases that are capable of repetition yet evading review obtains "only in exceptional situations." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (quotations omitted).  To avoid mootness, "(1) the challenged action [must be] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [must be] a reasonable expectation that the same complaining party [will] be subjected to the same action again."  *Lillbask ex rel. Mauclaire*, 397 F.3d at 85 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).  Even assuming that the first requirement is met here, the second is not.

The parties are locked in a fact-bound dispute over the cause of the May 2018 suspension that is unlikely to recur.  The District maintains that it suspended plaintiff because he threatened its employees at three consecutive board meetings.  Decl. of Vernée C. Pelage, Ex. TTTTT (Dkt. #55-149); *id*. Ex. UUUUUU (Dkt. #55-150); *id*. Ex. VVVVVV (Dkt. #55-151); May 9, 2018 Letter; Def.'s Mem. in Supp. 10-11 (Dkt. #55-155); Def.'s Reply 4-9 (Dkt. #60).  Plaintiff argues that, to the contrary, the District suspended him because he "exposed . . . irregularities"  in the

5

District's operations at several board meetings in 2017 and 2018.   Second Am. Compl. ¶¶ 5-13.

Whichever account is true, plaintiff has not established a reasonable expectation that plaintiff will

be suspended again for the speech from 2017 and 2018 at issue here.  *See F.O. v. N.Y.C. Dep't of*

*Educ.*, 899 F. Supp. 2d 251, 255 (S.D.N.Y. 2012) (the denial of interim relief during a particular

school year "could not possibly happen again" and "[a]ny determination of [plaintiff's] right . . .

in future years is premature"); *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 396 (2d Cir. 2022)

(exception does not apply where there was "simply no rational basis to assume that the [defendant]

[was] poised to pursue a subsequent . . . investigation involving the same alleged misconduct");

*Haley v. Pataki*, 60 F.3d 137, 141 (2d Cir. 1995) (exception does not apply where "repetition of

the events . . . is entirely speculative").  Accordingly, there is no reasonable expectation that

plaintiff will again be subject to the same actions challenged in this lawsuit.

Of course, a lawsuit may present a dispute that is capable of repetition yet evading review

when it challenges an ongoing policy that the plaintiff is likely to violate again in the future, *see*

*Honig v. Doe*, 484 U.S. 305, 322 (1988); *Turner v. Rogers*, 564 U.S. 431, 440-41 (2011); *United*

*States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1542 (2018) (characterizing *Honig* and *Turner*), but

this is not such a case.  Plaintiff has not challenged the constitutionality of District policies limiting

threatening or profane speech at board meetings.  Instead, as noted above, he contends that the

District suspended him based on an improper retaliatory motive.  Moreover, *res judicata* precludes

plaintiff from arguing that his past suspensions are evidence that the District has a policy or

practice of unconstitutional suspensions, *see Roth I*, 2017 WL 395211, at *14-19 (rejecting

plaintiff's constitutional challenge to those suspensions), and plaintiff has not made any other

allegations in to support a theory that the District has such a policy or practice.  As a challenge to

the reasons behind a particular past suspension, rather than to an ongoing District policy, plaintiff's lawsuit does not present a dispute that is likely to recur.

All that said, it is possible that plaintiff will again be suspended based on future events. But any new suspension would almost certainly arise from new speech or conduct and require a new pretext analysis predicated on a new set of facts. As a result, whatever declaratory judgment could be rendered as to *this* dispute is unlikely to control any *future* dispute. Given the nature of plaintiff's challenge and relief he seeks, this case is moot.

### CONCLUSION

The case is dismissed as moot. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: May 25, 2022
        Brooklyn, New York